NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CHRISTOPHER NEARY, : | **Hon. Dennis M. Cavanaugh** |
| Petitioner, : | **OPINION** |
| v. : | Civil Action No. 08-CV-0252(DMC) |
| UNITED STATES OF AMERICA, : |  |
| Respondent. : |  |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Petitioner Christopher Neary's ("Petitioner") motion to vacate, set aside, and correct his sentence pursuant to Fed. R. Civ. P. 2255. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Petitioner's motion to vacate, set aside, and correct his sentence is **denied**.

**I.   BACKGROUND**

On March 27, 2003, Petitioner was arrested for committing a bank robbery in Chester, New Jersey. Petitioner was indicted on one count of bank robbery in violation of 18 U.S.C. §§ 2113(a) & 2, to which he pled guilty on August 8, 2003. Petitioner entered into a plea agreement with the government on July 18, 2003, at which time Petitioner was advised that the statute of conviction carried a maximum twenty-year sentence. The plea agreement further expressed that if Petitioner was over eighteen years of age at the time of the instant offense and had at least two

prior felony convictions for crimes of violence or controlled substance, then Petitioner would be considered a career offender under the United States Sentencing Guidelines ("USSG").

The Pre-Sentencing Report ("PSR") calculated that Petitioner had a base offense level of 22 with an upward enhancement to 32 because of his career offender status pursuant to U.S.S.G. § 4B1.1. Petitioner had three previous convictions for seven separate bank robberies. Petitioner received a three-level reduction for acceptance of responsibility. The PSR calculated Petitioner's criminal history score within category VI.

On August 11, 2003, the United States District Court for the District of New Jersey conducted a sentencing hearing determining Petitioner's previous convictions for bank robbery were unrelated. Petitioner was qualified as a career offender as per the PSR recommendations. The District Court sentenced Petitioner to 170 months imprisonment from a 151-88 Guideline range.

On June 24, 2004, the United States Court of Appeals for the Third Circuit affirmed Petitioner's career offender status under the USSG. Petitioner petitioned for a rehearing on the basis of Blakely v. Washington, 542 U.S. 296 (2004), which was issued the same day as the District Court's Opinion and called into question the mandatory nature of the USSG. The Third Circuit granted Petitioner's motion for resentencing after United States v. Booker, 543 U.S. 220, 222 (2005), which held Federal Sentencing Guidelines were advisory rather then mandatory.

On August 29, 2005, Petitioner's counsel argued that the District Court engaged in judicial fact-finding by determining that Petitioner was a career offender. Petitioner's counsel also argued that the career offender enhancement overstated Petitioner's criminal history and

2

seriousness of the offense. The Court concluded it would not revisit the previous determination of Petitioner's career offender enhancement. Petitioner's motions for a downward departure and sentencing below the Guideline range were denied. Petitioner was resentenced to 170 months imprisonment.

Petitioner once again appealed to the Third Circuit, where on October 10, 2006, his sentence was yet again affirmed. The Third Circuit concluded there was no Sixth Amendment violation by finding Petitioner's prior convictions to be crimes of violence and unrelated. Petitioner's 170 month sentence was held to be reasonable.

After Petitioner's initial sentencing he provided information in a meeting with A.U.S.A. Rachel Hill, his counsel, and two federal agents regarding an ongoing drug operation, conspiracy to commit robbery and murder, and healthcare fraud. After Petitioner was resentenced he provided information about an ongoing operation smuggling contraband into the Federal Correctional Institution of Allenwood.

On February 20, 2007, the United States Supreme Court denied Petitioner's petition for writ of certiorari. Petitioner now seeks to vacate, set aside, and correct his sentence pursuant to FED. R. CIV. P. 2255.

**II.    STANDARD OF REVIEW**

The District Court has jurisdiction pursuant to 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction ...of all offenses against the laws of the United States.") Jurisdiction is also secured pursuant to 28 U.S.C. § 1291. Furthermore, District Courts have jurisdiction to review the reasonableness of a sentence pursuant to 18 U.S.C. § 3742(a)(1).

3

### III.  DISCUSSION

####   A.  **Counsel's Performance**

Petitioner argues his Sixth Amendment right to effective counsel was denied.  Petitioner claims that his counsel failed to investigate Petitioner's history of mental problems, failed to investigate PSR reports relating to previous convictions, failed to seek suppression of Petitioner's statements following arrest, failed to withdraw Petitioner's guilty plea, and failed to follow up on Petitioner's cooperation with federal agents following his sentencing.

Under Strickland v. Washington, 466 U.S. 688, 699 (1984), when a convicted defendant claims defective counsel, the defendant must show that the counsel's performance was defective under a standard of objective reasonableness.  Second, the defendant must show with a reasonable probability that but for counsel's errors, the result of the proceeding would have been different.  A reasonable probability should be sufficient to undermine confidence in the outcome.  See United States v. Hankerson, 496 F.3d 303, 310 (3d Cir. 2007).  "A Court need not first determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. at 670.  When a defendant claims defective counsel influenced his decision to plead guilty he must also show that but for counsel's error the defendant would have insisted upon going to trial.  See Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).  Here, Petitioner consistently fails to allege or show prejudice.

Petitioner has failed to meet Strickland's prejudice standard so Petitioner's counsel's performance need not be addressed.  Petitioner argues his counsel failed to address his history of mental health problems, but only references a 1989 PSR which states, "In any event, the

4

defendant clearly elected to enter into his criminal behavior for purposes of financial gain." (Exhibit A to Petitioner's Motion, at 2.)  Petitioner fails to establish with any reasonable probability he would have received a reduced sentence pursuant to 18 U.S.C. § 3553(a). Petitioner also references the 1989 PSR to argue that his counsel failed to obtain materials associated with prior convictions, however, Petitioner again fails to show prejudice.  If made available to the Court, the 1989 PSR portrays the opinion of a single U.S. Probation Officer and not a legal conclusion.  (Exhibit A to Petitioner's Motion, at 2.)

  Likewise, Petitioner's allegations concerning his counsel's performance during plea negotiations fails to show prejudice.  The career offender enhancement applied as a matter of law, therefore the "open" plea agreement enabled his counsel to preserve the ability to argue against the enhancement.  "Robbery" is expressly included in the USSG's definition of "crimes of violence."  See § 4B1.2, Application Note 1.  There was no basis for defense counsel to withdraw Petitioner's guilty plea.  Petitioner's cooperation with the U.S. Attorney's Office in the United States District Court for the District of New Jersey, was deemed not useful. Any relief for cooperation provided after Petitioner's sentencing remains free to pursue.

  Petitioner argues that his counsel failed to suppress his post-arrest statements.  First, Petitioner never claims he would have insisted upon going to trial but for his counsel's alleged error.  Second, the government's case did not depend upon Petitioner's post-arrest statements. The government was able to show Petitioner left the scene of the bank robbery in a vehicle registered to Petitioner's name and address.  The vehicle was discovered in Petitioner's garage along with the white jumpsuit and t-shirt worn during the robbery.  The Federal Bureau of

Investigation also found marked U.S. currency from the bank robbery in Petitioner's possession. The government had witnesses available to testify that they saw Petitioner fleeing the bank. Therefore, Petitioner is once again unable to fulfill Strickland's prejudice requirement.

Petitioner's claim that his counsel misled him as to the relevance of the career offender enhancement and thus influenced his guilty plea likewise fails to show prejudice. Petitioner was expressly advised that the statute of conviction carried a maximum twenty-year sentence. Petitioner was expressly advised as to the provisions which needed to be met for the career offender enhancement under the USSG. At Petitioner's plea hearing, the government again advised Petitioner of the maximum penalty of twenty-years and that Petitioner may qualify as a career offender, to which Petitioner responded he understood. (Exhibit A to Respondent's Motion, at 4-7.) During the conclusion of the hearing, the Court asked the government to again advise Petitioner of the maximum sentence and consequence of the career offender enhancement, should he qualify. (Id. at 13.) In United States v. Shedrick, 493 F.3d 292, 296 (3d Cir. 2007), the defendant's plea agreement with the government expressly stated the maximum sentence. Although the defendant in Shedrick was advised by his counsel he would receive a reduced sentence, the Court held, "any alleged misrepresentations that [defendant's] former counsel may have made regarding sentencing calculations were dispelled when [defendant] was informed in open court that there was no guarantee as to sentence, and that the Court could sentence him to the maximum." Id. at 299. Furthermore, Shedrick Court held that where a proper plea hearing was conducted, erroneous predictions by defense counsel were inconsequential. Id.

    **B.**    **Alleged Sentencing Error By The Court**

The Third Circuit has already ruled on Petitioner's remaining complaints of *ex post facto* and due process violations so these issues will not be re-addressed.  See United States v. Neary, 199 Fed.Appx. 110, 2006 WL 2871275 (C.A.(N.J.)).  Petitioner's argument that the career offender enhancement is double-counting has also been rejected by the Third Circuit in United States v. Amis, 926 F.2d 328, 330 (3d Cir. 1991), where the Third Circuit held the career offender enhancement actually implements a Congressional Mandate.

**IV.   CONCLUSION**

For the reasons stated, it is the finding of this Court that Petitioner's motion to vacate, set aside, and correct his sentence is **denied**.  An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:        June   11  , 2008
Orig.:       Clerk
cc:          All Counsel of Record
             Hon. Mark Falk, U.S.M.J.
             File