NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER NEARY, : <br> : <br> Petitioner, : <br> : <br> v. : <br> : <br> UNITED STATES OF AMERICA, : <br> : <br> Respondent. : <br> : | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 08-CV-0252(DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

      This matter comes before the Court upon motion by Petitioner Christopher Neary ("Petitioner") for reconsideration of the Court's denial of Petitioner's motion to vacate, set aside, and correct his sentence pursuant to 28 U.S.C. § 2255; and motion by Petitioner for a reduction in sentence pursuant to FED. R. CRIM. P 35(b). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering Petitioner's submissions, and based upon the following, it is the finding of the Court that Petitioner's motion for reconsideration is **denied**; Petitioner's motion for a reduction in sentence is **denied**.

**I.    BACKGROUND**

      On March 27, 2003, Petitioner was arrested for committing bank robbery in Chester, New Jersey. On August 8, 2003, Petitioner was indicted on one count of bank robbery in violation of 18 U.S.C. § 2113(a), to which he pled guilty. Petitioner entered into a plea agreement with the government on July 18, 2003, at which time Petitioner was advised that the crime he committed

carried a maximum sentence of twenty-years.  The plea agreement further provided that if Petitioner was over eighteen years of age at the time he committed the offense and had at least two prior felony convictions for crimes of violence or involving controlled substances, then Petitioner would be considered a career offender under the United States Sentencing Guidelines ("USSG").

The Pre-Sentencing Report ("PSR") notes Petitioner's base offense level as being 22 with an upward enhancement to 32 because of his career offender status pursuant to section 4B1.1 of the USSG.  Petitioner had three previous convictions for seven separate bank robberies.  Petitioner received a three-level reduction for "acceptance of responsibility."  As stipulated in the PSR, Petitioner's criminal history score was calculated to be within category VI.

On August 11, 2003, the Court conducted a sentencing hearing where it was determined that the bank robberies Petitioner was previously convicted of were unrelated crimes of violence.  Petitioner was qualified as a career offender as per the PSR recommendations.  The Court sentenced Petitioner to 170 months imprisonment.

On June 24, 2004, the United States Court of Appeals for the Third Circuit affirmed Petitioner's career offender status under the USSG.  Relying on Blakely v. Washington, 542 U.S. 296 (2004), which was issued the same day as the Court's Opinion in this case, Petitioner sought a rehearing based on the argument that the USSG were not constitutional.  The Third Circuit granted Petitioner's motion for resentencing in consideration of United States v. Booker, 543 U.S. 220, 222 (2005), which held that the USSG were advisory rather than mandatory.

On August 29, 2005, Petitioner argued that the Court engaged in judicial fact-finding

when it determined that Petitioner was a career offender. Petitioner also argued that the career offender enhancement overstated his criminal history and the seriousness of the offense he committed. The Court concluded that it would not revisit the previous determination of Petitioner's career offender enhancement. Petitioner was resentenced to 170 months. Petitioner's motions for a downward departure and sentencing below the Guideline range were denied.

Petitioner once again appealed to the Third Circuit, where on October 10, 2006, his sentence was affirmed. The Third Circuit concluded that there was no Sixth Amendment violation because Petitioner's prior convictions were crimes of violence and were unrelated. Petitioner's 170 month sentence was held to be reasonable.

After Petitioner's initial sentencing, he provided information in a meeting with Assistant United States Attorney Rachel Hill, his counsel, and two federal agents regarding an ongoing drug operation, conspiracy to commit robbery and murder, and healthcare fraud. After Petitioner was resentenced he provided information about an ongoing operation smuggling contraband into the Allenwood Federal Correctional Institution.

On February 20, 2007, the United States Supreme Court denied Petitioner's petition for writ of certiorari. Thereafter, Petitioner, pursuant to 28 U.S.C. § 2255 sought to vacate, set aside, and correct his sentence on the grounds of ineffectiveness of counsel and an alleged sentencing error. On June 11, 2008, the Court found against Petitioner concluding that Petitioner did not meet the Strickland v. Washington prejudice standard. The Court further concluded that consideration of Petitioner's due process violation and *ex post facto* claims were not warranted

3

because the Third Circuit already addressed them. Petitioner now seeks to have the Court reconsider its decision of his 28 U.S.C. § 2255 petition. Petitioner further seeks a downward departure of his sentence pursuant to FED. R. CRIM. P 35(b)**.**

## II.      Discussion

### A.      Motion for Reconsideration

In this District, motions for reconsideration are governed by Local Civil Rule 7.1(i). Local Rule 7.1(i) provides that a party may file a motion for reconsideration "within ten (10) business days after entry of an Order or Judgment on the original motion by the Judge or Magistrate Judge." A motion pursuant to Local Rule 7.1(i) may be granted only if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993); see also North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). Such relief is "an extraordinary remedy" that is to be granted "very sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996). Local Rule 7.1(i) does not contemplate a recapitulation of arguments considered by the Court before rendering its original decision. See Bermingham v. Sony Corp. Of Am., Inc., 820 F. Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994). In other words, a motion for reconsideration is not an appeal. It is improper on a motion for reconsideration to "ask the court to rethink what it ha[s] already thought through - rightly or wrongly." Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990)).

4

Petitioner raises two arguments in support of his motion for reconsideration. Petitioner first argues that the application of <u>Booker</u> is unconstitutional. Petitioner's second argument is that the Court failed to re-sentence him de novo in violation of due process. Both of these arguments were raised by Petitioner in his motion to vacate and were considered by the Court in reaching its decision. Petitioner has not demonstrated an intervening change in the controlling law, the existence and/or availability of evidence not previously available, nor that reconsideration is necessary to correct a clear error of law. Moreover, Petitioner has not demonstrated that reconsideration is required to prevent injustice.

Petitioner's motion for reconsideration does not satisfy FED. R. CIV. P 7.1(I) and therefore, reconsideration of the Court's Opinion and Order issued on June 11,2008, is not appropriate.

      **B.**     <u>**Motion for a Reduction in Sentence**</u>

Motions for downward departures of sentences based on assistance provided to the government are considered pursuant to FED. R. CRIM. P 35(b). According to Rule 35(b), the government can move to have a sentence reduced for assistance provided within one year of sentencing if a "defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." FED. R. CRIM. P 35(b)(1). The government can move to have a sentence reduced at a later date if the defendant did not know of the information provided; the information provided did not become useful; or the usefulness of the information could not have been reasonably determined within one year of sentencing. FED. R. CRIM. P 35(b)(2).

FED. R. CRIM. P 35(b) specifically provides that motions for downward departures based

on substantial assistance are to be filed by the government. The government has not brought such a motion before the Court.  Therefore, it would be inappropriate for the Court to consider reducing Petitioner's sentence at this time.  The Court further notes that in a letter dated September 12, 2008, Rachael Honig, Assistant United States Attorney asserted that the assistance provided by Petitioner was not sufficiently "substantial" in nature to satisfy Rule 35(b).

### III.    CONCLUSION

For the reasons stated, it is the finding of the Court that Petitioner's motion for reconsideration is **denied**; Petitioner's motion for a reduction in sentence is **denied**.  An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:          November  19 , 2008
Orig.:         Clerk
cc:            All Counsel of Record
               Hon. Mark Falk, U.S.M.J.
               File